**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ANTHONY MATTOX, | : | HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-2482-TWT-GGB |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |
| | : | |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner, Anthony Mattox, an inmate at the United States Penitentiary in Atlanta, Georgia, has filed a petition under 28 U.S.C. § 2241 seeking to challenge his sentence imposed by this Court. *See United States v. Mattox*, 1:02-CR-381-ODE-CCH-2.[1]  This matter is now before me for a review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

---

[1] Petitioner's petition was initially filed as a motion in his criminal case. [Doc. 149]. However, Magistrate Judge C. Christopher Hagy of this Court directed the Clerk to file it as a habeas corpus petition under § 2241. [Doc. 150].

AO 72A
(Rev.8/82)

(hereinafter "Rule 4").[2] For the reasons discussed below, I recommend that Petitioner's petition be dismissed.

## **Background**

Petitioner was indicted by a federal grand jury on a two-count indictment for drug trafficking offenses. *See United States v. Mattox*, 1:02-CR-381-ODE-CCH-2 at Doc. 1. On October 24, 2002, Petitioner entered a guilty plea to Count Two of the indictment, charging Petitioner with conspiracy to possess with the intent to distribute at least five (5) grams of a mixture and substance containing a detectable amount of cocaine base (crack) in violation of 21 U.S.C. §§ 846, 842(a)(1) and 841(b)(1)(B)(iii). *Id.* at Doc. 80. On January 10, 2003, Petitioner was sentenced to 190 months of imprisonment. *Id.* at Doc. 85.

Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255, and this Court denied his motion on March 29, 2004. *Id.* at Docs. 97, 101.

On July 28, 2011, Petitioner filed this petition under 28 U.S.C. § 2241, alleging that his sentence was improperly enhanced under the Armed Career Criminal Act

---

[2]Rule 4 requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Under Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

("ACCA"), § 4B1.1 of the Sentencing Guidelines. Specifically, Petitioner contends that he does not qualify as a career offender because: (1) the sentences Petitioner received for the two offenses used to determine that he was a career offender were concurrent and entered on the same day; and (2) one of the offenses used for the career offender enhancement was not a crime of violence.

### Discussion

"Generally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255." *Lancaster v. Warden, FCC Coleman-Medium*, No. 10-13005, 2011 WL 2650850, at *1 (11th Cir. July 7, 2011) (citing *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003)). Actions brought under 28 U.S.C. § 2241 are mostly limited to challenges to either federal confinement that is not pursuant to a sentence of a federal court or the unlawful execution of a valid sentence. *Atehortua v. Kindt*, 951 F.2d 126 (7th Cir. 1991).

"Under the savings clause of § 2255, a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention."[3] *Sawyer*, 326 F.3d at 1365. A claim may be presented via

---

[3]"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to

3

§ 2241 "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

"[T]he savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)." *Gilbert v. United States*, 640 F.3d 1293, 1312 (11th Cir. 2011). "A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement." *Id.* at 1320.

"[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." *Id.* at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed

---

the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C.A. § 2255(e).

4

was within the statutory maximum." *Id.* at 1315.

Petitioner "is attacking his sentence rather than his conviction, for the armed career criminal act is a sentence-enhancement statute." *Id.* at 1314 (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). The savings clause does not apply to Petitioner's claim, as the sentence imposed (190 months) was within the statutory maximum (40 years), and Petitioner was not convicted of being guilty of the sentence enhancement. *See Williams v. Haynes*, No. CV210-180, 2011 WL 2669070 (S.D. Ga. June 16, 2011) (recommending that § 2241 petition challenging petitioner's armed career criminal enhancement to his sentence be dismissed), *report and recommendation adopted by* No. CV210-180, 2011 WL 2666839 (S.D. Ga. July 6, 2011). *See also* 21 U.S.C. 841(b)(1)(B)(iii) (listing statutory minimum and maximum sentence for Movant's offense). Thus, this Court does not have jurisdiction over Petitioner's petition.

## Conclusion

Based on the foregoing, **I RECOMMEND** that Petitioner's petition be **DISMISSED**. Because a federal prisoner does not require a certificate of appealability ("COA") to appeal the denial of a § 2241 petition, *see Sawyer*, 326 F.3d

5

at 1364 n.3, no COA recommendation is given in this matter under Rule 11(a) of the Rules Governing Section 2254 Cases.

**I ORDER** that Petitioner be **GRANTED** *in forma pauperis* status for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 21st day of September, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE